UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JENNIFER J. LEE

                        Plaintiff,

    v.                                                5:06-CV-710 (LEK)

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

## DECISION AND ORDER

Jennifer J. Lee ("Plaintiff") brings this suit under section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. section 405(g), to review a final determination of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for benefits. For the reasons discussed below, the Court affirms the Commissioner's decision.

**I.    FACTS**

    **A.    Procedural History**

On June 7, 2004, Plaintiff filed an application for Supplemental Security Income ("SSI") benefits. T 52E.[1] The application was denied on November 1, 2004. Id. at 22. Plaintiff requested a hearing on December 27, 2004, and appeared before the Administrative Law Judge ("ALJ") on September 9, 2005. Id. at 29, 340-56. On December 5, 2005, the ALJ issued his unfavorable decision. Id. at 10-20. On April 7, 2006, the Appeals Council denied Plaintiff's Request for Review. Id. at 6. Plaintiff then commenced the instant action seeking review of the

---

[1] Citations to "T" refer to the Administrative Transcript. Dkt. No. 4.

Commissioner's determination.  See Complaint (Dkt. No. 1).

    **B.**    **Medical History**

Plaintiff was born in 1974.  Plaintiff alleges that she was raped at age fourteen by her then boyfriend and also repeatedly raped by her brother.  T 156.  Plaintiff reports having suicidal thoughts that required her to be hospitalized.  Id. at 207.  Plaintiff has a long history of drug and alcohol abuse, including using marijuana and crack cocaine.  Id. at 157, 268, 278.  This history dates back to age four, when she was provided her first drink by her father and age eight, when she first got intoxicated after "raiding" the liquor cabinet of a neighbor.  Id. at 156.  Plaintiff has three DWI's, as a result of which she has spent time in jail and lost custody of her three children.  Id. at 278.  Plaintiff reported having attempted numerous rehabilitation programs.

Plaintiff earned a full scale IQ of 74 on the Wechsler Adult Intelligence Scale III Edition, placing her in the borderline range.  T 208-09, 279.  In February 2003, Plaintiff was diagnosed as suffering from schizoaffective disorder bipolar type, alcohol dependence in early partial remission, cannabis dependence in early partial remission, cocaine dependence in early partial remission, nicotine dependence, personality disorder not otherwise specified with borderline dependent anti-social traits, and an inability to sustain sobriety and be drug free.  Id. at 157.  In March 2003, Plaintiff was again found to have borderline intelligence, to have "schizoaffective disorder depressed type by history," and "alcohol and cannabis dependence in partial remission by history." Id. at 225-234.  She was determined to have mild limitations in her activities of daily living and maintaining social functioning.  Id. at 235.  She was found to have moderate limitations in maintaining concentration, persistence, or pace; maintaining attention and concentration for extended periods; working in coordination with or proximity to others without being distracted by

them; completing a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and setting realistic goals or making plans independently of others. Id. at 235-40. Plaintiff has reported having auditory hallucinations, some of which are associated with drugs, others of which are not. Id. at 157. She reported to a physician that "on some occasions she hears the devil telling her to kill herself and she hears God telling her not to kill herself." Id.

In April 2004, Plaintiff was brought to a hospital by police for an apparent suicide attempt with an overdose of Tylenol, cocaine and marijuana. T 244. Plaintiff was discharged from the hospital to a psychiatric facility. Id. In July 2004, Plaintiff was brought to the hospital after being found by a New York State Trooper walking barefoot along the road. Id. at 268. Plaintiff apparently told the Trooper that she was heading south for the winter. Id. Plaintiff was discharged in August 2004. Id. Other times Plaintiff has reported to the emergency room complaining of pain and complaining that she is bleeding to death and dying.

### C.     Hearing Before the ALJ

On September 9, 2005, Plaintiff testified before the ALJ regarding the nature, severity, and impact of her conditions. T 340-56. She testified that she had been pregnant for six months and had not used any drugs during that time. Id. at 346. She also testified that she had used alcohol only once (as part of a Thanksgiving meal) in the previous two years. Id. She testified that, prior to becoming pregnant, she used "a lot" of crack cocaine and also used marijuana. Id. Plaintiff stated that she continued to suffer from memory problems and hallucinations. Id. at 351. Plaintiff further

3

testified to continued bouts of paranoia that would cause her to not enter a store or be around other people because she felt they were talking about her and that people were "coming" for her. Id. at 353-354. Plaintiff stated that she suffered from depression to the effect that she would not get out of bed and would slice her arm with a knife. Id. at 354-355. Plaintiff also described bouts of intense happiness, but noted that she "crashes" back down and cannot stop crying. Id. at 355.

Plaintiff also testified that she is able to wake herself in the morning, make coffee, do laundry and go for a walk. T 345, 348. She is able to clean her trailer, cook her own meals, visit with a friend and neighbors, and visit with her children and parents. Id. 348-49.

The ALJ issued a decision concluding that: (1) Plaintiff had not engaged in substantial gainful activity since June 7, 2004, the filing date of her last SSI application; (2) her polysubstance abuse, IQ in the 70s, and depressive disorder are "severe"; (3) Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (4) Plaintiff's allegations concerning her limitations were partially credible; (5) Plaintiff has no significant ability to maintain attention and concentration, regularly attend to a routine and maintain a schedule, make appropriate decisions, relate to and interact appropriately with others and deal with work stress absent polysubstance abuse; (6) Plaintiff does not have severe physical ailments; (7) Plaintiff is a "younger individual" pursuant to 20 C.F.R. § 416.963; (8) she has a high school equivalent education; (9) she has the residual functional capacity to perform a significant range of heavy work; (10) Plaintiff has no past relevant work; (11) Plaintiff "has additional restrictions due to polysubstance abuse that limit her ability to perform the mental demands of work at all levels of exertion. . . [that] would preclude [her] . . . from being able to satisfy the production, quality and attendance standards of competitive employment. . . . [and thus

4

Plaintiff] would be disabled."; (12) Plaintiff's "alcohol and drug use are contributing factors material to the determination of disability"; and (13) Plaintiff is not eligible for SSI benefits. T 19-20.

## II.     STANDARD OF REVIEW

The court's review of the Commissioner's determination is limited to two inquiries. See 42 U.S.C. § 405(g). First, the court must determine whether the Commissioner applied the correct legal standard. See Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir. 1999); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); Cruz v. Sullivan, 912 F.2d 8, 9 (2d Cir. 1990); Shane v. Chater, No. 96-CV-66, 1997 WL 426203, at *4 (N.D.N.Y July 16, 1997) (Pooler, J.) (citing Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987)). Second, the court must determine whether the Commissioner's findings are supported by substantial evidence within the administrative record. See Tejada, 167 F.3d at 773; Balsamo, 142 F.3d at 79; Cruz, 912 F.2d at 9; Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). The Commissioner's finding will be deemed conclusive if supported by substantial evidence. See 42 U.S.C. § 405(g); see also Perez, 77 F.3d at 46; Rivera v. Sullivan, 923 F.2d 964, 967 (2d Cir. 1991). In the context of Social Security cases, substantial evidence consists of "'more than a mere scintilla'" and is measured by "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Although the reviewing court must give deference to the Commissioner's decision, the Act is ultimately "'a remedial statute which must be "liberally applied;" its intent is inclusion rather than exclusion.'" Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 1990) (quoting Rivera v. Schweiker, 717 F.2d 719, 723 (2d Cir. 1983)).

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The administrative regulations established by the Commissioner require the ALJ to apply a five-step evaluation to determine whether an individual qualifies for disability insurance benefits. See 20 C.F.R. §§ 404.1520, 416.920; see also Williams v. Apfel, 204 F.3d 48, 48-49 (2d Cir. 1999); Bush v. Shalala, 94 F.2d 40, 44-45 (2d Cir. 1996).

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment which is listed in Appendix 1 of the regulations, [t]he [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Barry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

Prior to applying this five-step framework, the ALJ must determine the date on which the claimant-plaintiff last met the Act's insured status requirement, whereby the claimant must establish disability prior to or on that date last insured. See 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1); 20 C.F.R. §§ 404.130, 404.131(b), 404.315(a); see also Arnone v. Bowen, 882 F.2d 34, 37-38 (2d Cir. 1989).

### III.   DISCUSSION

    **A.   Whether the ALJ Erroneously Concluded That Drug and Alcohol Usage were Contributing Factors Material to the Determination of Disability**

The sole issue is whether Plaintiff's drug and alcohol use was a contributing factor material

6

to the determination of disability.  Plaintiff contends that the ALJ disregarded the applicable regulations by failing to consider what limitations would remain if Plaintiff stopped using drugs or alcohol and then determine whether those remaining limitations are disabling.  It is Plaintiff's contention that her mental disease is not the result of alcohol or drug abuse, but that her drug and alcohol abuse are the result of her mental disease, which was brought on by her history of rape and physical abuse.

The Commissioner's regulations at 20 C.F.R. § 416.935 describe how to determine whether drug addiction or alcoholism is a contributing factor material to the determination of disability. That regulation provides as follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability, unless we find that you are eligible for benefits because of your age or blindness.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

7

20 C.F.R. § 416.935. "[W]hen the record shows substance abuse, it is the claimant's burden [to] prove that substance abuse is not a contributing factor material to the disability determination." Badgley v. Astrue, No. 07-CV-399C, 2009 WL 899432, at *4 (W.D.N.Y. March 27, 2009).

Here, the ALJ noted that Plaintiff reported to Jeanne Shapiro, Ph.D. in September 2004 (at a time when she had been abstinent from drugs and/or alcohol) that she did not have any significant depressive, manic or anxiety-related symptoms, and that her medications effectively controlled her psychiatric symptoms. T 16; see id. at 283. The ALJ found that Plaintiff's hearing testimony that she suffered from depression and mood swings was inconsistent with her statements to Dr. Shapiro. Id. at 16. The ALJ also relied on the consultative opinion of Dr. Richard Altmansberger, a State Agency program psychiatrist, who concluded that "in the absence of substance abuse [Plaintiff's] mental status and function improves significantly (despite schizophrenic illness)." Id. at 307; see id. at 18. In finding that drug or alcohol abuse was a contributing factor material to the disability determination, the ALJ further noted that:

> When the claimant is using alcohol and illegal drugs, she has a tendency to become noncompliant with her prescribed medical regimen and is less likely to maintain herself independently in the community. [Plaintiff's] hospitalizations . . . involved substance abuse. The consultative psychiatric examination performed by Dr. Shapiro, at a time when the claimant was abstinent from alcohol and drug abuse and was compliant with her prescribed treatment regimen, indicates that the claimant's mental status was within normal limits and her activities of daily living were performed without limitation. The State Agency program psychiatrist comments that in the absence of substance abuse, the claimant's medical status and functioning significantly improve. Although the claimant made an effort at the hearing to emphasize her depression and mood swings, rather than her substance abuse, there is little clinical evidence to support her argument that the depression and mood swings, rather than substance abuse, preclude her from working. The medical evidence establishes that, but for her substance abuse, the claimant would be able to work. When abstinent, the claimant has no significant limitations on her abilities to perform the mental demands of work.

Id. at 19 (internal citation omitted).

The Court finds that the ALJ applied the proper legal standard.  As noted, "[i]n determining whether alcoholism [and/or drug abuse] is a contributing factor material to the determination of disability, both the Commissioner and a reviewing court must look to whether the claimant is disabled, and if so whether he or she would still be disabled absent the use of drugs or alcohol." Glover v. Barnhart, No. 5:06-CV-195, 2009 WL 35290, at *9 (N.D.N.Y. Jan. 5, 2009) (citing 20 C.F.R. § 416.935).  It must also be borne in mind that it is Plaintiff's burden to prove that her drug and/or alcohol use is not a contributing factor material to disability.

Here, the ALJ found that Plaintiff's polysubstance abuse, IQ, and depressive disorders were severe and that Plaintiff would be disabled.  T 20.  The ALJ then looked to see whether Plaintiff would still be disabled absent the use of drugs and/or alcohol.  As set forth above, the ALJ concluded that she would not, relying upon Dr. Shapiro's consultative psychiatric examination and the report of Dr. Altmansberger.  T 19.  By addressing what limitations would remain assuming Plaintiff's abstinence from drugs and/or alcohol, the ALJ applied the proper legal standard.

Moreover, the ALJ's findings are supported by substantial evidence in the record.  Dr. Floyd Bajjaly's psychiatric evaluation notes that Plaintiff "has a long history of drug and alcohol abuse," that she had her first drink at age four, that she got intoxicated at age eight, and that she "was drinking heavily by her teenage years."  T 156.  She "raided" her neighbor's liquor cabinet at age eight, prior to any reported sexual abuse.  Id.  "She does not appear to have any symptoms that would meet the criteria for Post Traumatic Stress Disorder."  Id.  Dr. Bajjaly also noted Plaintiff's history of noncompliance and recommended that she remain in the mentally ill chemical abuser track of a continuing day treatment program.  Id. at 157A.  William Kimball, Ph.D. noted that

Plaintiff "states that she first had psychiatric treatments at age 15," which was after she began abusing alcohol. Id. at 207. Dr. Kimball expressly noted that Plaintiff "has a long history of alcohol dependency," has "long standing problems with depression and drinking," that "[s]he is not totally abstinent from alcohol," and that further records were needed to "see how often she actually abuses chemicals. There is concern about this area." Id. at 207-09.

Plaintiff's April 2004 hospital admission was a result of her having ingested an unknown amount of Tylenol together with cocaine and marijuana. T 244. The Claxton-Hepburn Medical Center discharge summary following her July 2004 hospitalization notes that Plaintiff "has a tendency to stop taking her medications as soon as she gets home and she has a tendency to start drinking alcohol and using drugs extensively." Id. at 268. Moreover, the medical records state that, after her July 2004 hospitalization, a time when Plaintiff had abstained from drugs and alcohol, Plaintiff's mental status was stable, she was in a good mood, her affect was bright, she did not have any suicidal thoughts, and had a positive outlook about the future. Id. at 269. The record does not support the conclusion that Plaintiff's mental limitations predate her substance and alcohol abuse.

> Further, Dr. Shapiro's evaluation found that:
>
> [Plaintiff] appears to be capable of understanding and following simple instructions and directions. She appears to be capable of performing simple and complex tasks with supervision and independently. She appears to be capable of maintaining attention and concentration for tasks. She can regularly attend to a routine and maintain a schedule if she has transportation. She appears to be capable of learning some new tasks. She appears to be capable of making some appropriate decisions. She appears to be able to relate to and interact appropriately with others. She appears to be capable of dealing with a moderate amount of stress. . . . [S]he may be able to work in an appropriate setting if her psychiatric symptoms remain stabilized.

T 280. This is consistent with Plaintiff's statements to Dr. Shapiro that she did not have any significant depressive, manic or anxiety-related symptoms or thought disorders and that her

medications controlled her psychiatric symptoms. Id. at 283.

These conclusions are supported by Dr. Altmansberger's assessment of Plaintiff. In September 2004, Dr. Altmansberger noted that "it appears that [Plaintiff] has a severe and persistent mental illness and marked functional limitations even in the absence of substance abuse and given impaired judgment it cannot be said that [Plaintiff] willfully refuses to abstain. DAA [drug and alcohol abuse] does not appear [to be] material." T 274. Notwithstanding this statement, Dr. Altmansberger noted that he lacked information concerning the presence of Plaintiff's psychiatric symptoms in the absence of substance abuse and that additional information was needed from third parties and a treating psychiatrist. Id. at 274, 276. Two months later, Dr. Altmansberger completed a psychiatric review technique. Id. at 305. Aside from finding no significant limitations, Dr. Altmansberger noted that:

> CURRENT PSYCH CE 09 28 04 - INDICATES BENIGN MSE AND FULL RANGE OF DAILY ACTIVITIES. PSYCHIATRIC SXES ARE WELL CONTROLLED AT THE PRESENT TIME AND [PLAINTIFF] MAY BE ABLE TO WORK IN AN APPROPRIATE SETTING IF PSYCH SXES REMAIN STABILIZED. MSO - CAPABLE OF WORK RELATED FUNCTIONS.
>
> OVERALL EVIDENCE INDICATES HX OF SCHIZOAFFECTIVE DISORDER AND SUBSTANCE ABUSE. CURRENT MSE AND FUNCTIONAL STATUS IS BASICALLY BENIGN AND STABLE AND IT APPEARS THAT IN THE ABSENCE OF SUBSTANCE ABUSE [PLAINTIFF'S] MENTAL STATUS AND FUNCTION IMPROVES SIGNIFICANTLY (DESPITE SCHIZOPHRENIC ILLNESS).
>
> EVIDENCE DOES NOT AT THIS TIME SUPPORT MARKED LIMITATIONS IN FUNCTION. MSE, FUNCTION REPORTS AND DAILY ACTIVITIES INDICATE [PLAINTIFF] IS CAPABLE OF UNDERSTANDING/FOLLOWING SIMPLE DIRECTIONS, MAKING SIMPLE DECISIONS, RESPONDING TO OTHERS, AND ADAPTING IN AN UNSKILLED WORK SETTING.

Id. at 307. Thus, there is substantial evidence in the record that Plaintiff's mental impairments stabilized in the absence of alcohol or drug abuse.

In light of the foregoing, the ALJ applied the appropriate legal standard, Plaintiff failed to satisfy her burden of demonstrating that alcohol and/or substance abuse is not a contributing factor material to the disability determination, and the ALJ's decision is supported by substantial evidence. Accordingly, the Court affirms the Commissioner's determination.

## IV.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for judgment on the pleadings is **GRANTED;** Plaintiff's Motion for judgment on the pleadings is **DENIED**; and the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:       September 15, 2009
             Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge